IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV275

| | |
|---|---|
| LYDIA CHARLES, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> BRITTON McGILL (JOHN E. POTTER) ) </br> U.S. POSTAL SERVICE, ) </br> ) </br> Defendants. ) </br> _____) | ORDER |

This matter is before the court upon the *pro se* Plaintiff's motion for reconsideration of this court's July 20, 2011 Order dismissing her case. Plaintiff, an employee of the United States Postal Service, filed this action on February 7, 2011 in Mecklenburg County Superior Court, alleging discriminatory treatment by her employer. Defendants timely removed the action to this court pursuant to 28 U.S.C. § 1441, *et seq.*, and specifically § 1442(a)(1), as the Defendants are federal officers and agencies sued in their individual or official capacity for acts under color of such office.

Defendants filed a Motion to Dismiss on June 10, 2011, alleging a lack of jurisdiction and failure to state a claim. The court entered a *Roseboro* notice on June 24, directing Plaintiff to file a response to the Defendants' motion within fourteen days. Plaintiff filed a response on July 11, but it failed to appear on the docket and on July 20, this court dismissed Plaintiff's case, erroneously noting that she had failed to file a response in opposition. After the court had entered its Order, but on the same day, Defendants filed a Reply, attaching what they deemed Plaintiff's "unfiled response."

The court will thus revisit its Order of July 20. In their Motion to Dismiss, one of Defendants' arguments was that Plaintiff had failed to exhaust her administrative remedies, as Plaintiff's Complaint did not include any allegations establishing that all administrative remedies had been exhausted. Plaintiff's response included a copy of the dismissal of her EEO complaint issued on November 4, 2010. Plaintiff has therefore established that she has indeed exhausted her administrative remedies.

The court finds the Defendants' reply brief to be disingenuous at best. Sovereign immunity has clearly been waived in this case (*see* 30 U.S.C. § 401(1)) and for the Defendant to argue otherwise is disturbing. Moreover, the Defendants argue that Plaintiff's failure to file her case in *federal* court within ninety days of the issuance of her right to sue letter is fatal to her case. In support of their argument, Defendants cite to a 1986 unpublished decision from the Northern District of Illinois. The court is confident that the Defendants are familiar with the concept of concurrent jurisdiction. The Plaintiff's case may or may not be subject to dismissal, but the court is constrained to deny the Motion to Dismiss on the bases set forth in Defendants' motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider is hereby GRANTED and Defendants' Motion to Dismiss is hereby DENIED with leave to refile based upon any *appropriate* grounds.

Signed: August 11, 2011

Graham C. Mullen
United States District Judge