IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV275

| | |
|---|---|
| LYDIA CHARLES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICK R. DONAHOE, )<br>POSTMASTER GENERAL, )<br>)<br>Defendant. )<br>_____) | ORDER |

      This matter is before the court upon Defendants' second Motion to Dismiss for failure to exhaust administrative remedies, filed October 5, 2011 (Dkt. # 11) as well as Defendants' Motion for Reconsideration of its Original Motion to Dismiss Based on Supplemental Authority, filed January 30, 2012 (Dkt. # 15).  Plaintiff, an employee of the United States Postal Service, filed this action on February 7, 2011 in Mecklenburg County Superior Court, alleging discriminatory treatment by her employer. Defendants timely removed the action to this court pursuant to 28 U.S.C. § 1441, *et seq*., and specifically § 1442(a)(1), as the Defendants are federal officers and agencies sued in their individual or official capacity for acts under color of such office.

      The court originally denied the Defendants' first Motion to Dismiss (Dkt. # 10), but allowed the Defendant an opportunity to file a second motion.  In its Order, the court rejected Defendants' argument that this court lacked subject matter jurisdiction due to the fact that the *pro se* Plaintiff  failed to file her case in *federal* court within ninety days of the issuance of her right to sue letter.  In doing so, the court noted that the state court properly had concurrent

jurisdiction over this lawsuit. However, on January 23, 2012, the Fourth Circuit expressly held in *Bullock v. Napolitano*, 2012 WL 207335 (4th Cir. 2012) that state courts do not have concurrent jurisdiction over Title VII cases against the United States or its agencies. Because state courts lack jurisdiction, the federal court therefore does not acquire jurisdiction by reason of removal. *Bullock*, 2012 WL 207335 at *5. Accordingly, this court must grant Defendants' Motion to Reconsider based upon this recent decision by the Fourth Circuit. This court lacks subject matter jurisdiction and must therefore dismiss this case.

    IT IS THEREFORE ORDERED that Defendants' Motion to Reconsider its original Motion to Dismiss is hereby GRANTED and this case is hereby DISMISSED for lack of subject matter jurisdiction.

    IT IS FURTHER ORDERED that Defendants' second Motion to Dismiss for failure to exhaust administrative remedies is denied as moot.

Signed: February 10, 2012

Graham C. Mullen
United States District Judge